UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| NANCY WHITAKER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 3:11-0522 |
| v. | ) | Judge Nixon/Brown |
| | ) | **Jury Demand** |
| LEON E. PANETTA, | ) | |
| SECRETARY OF DEFENSE, | ) | |
| | ) | |
| Defendant | ) | |

## <u>O R D E R</u>

The Plaintiff in this matter has filed a motion to compel discovery and certification (Docket Entry 24). In its present form this motion is **DENIED**. The Magistrate Judge preferred procedure is that the parties schedule a telephone conference with him before filing motions. In reviewing the initial case management order (Docket Entry 16) this requirement was not included. However, in an order following a telephone conference with the parties on March 27, 2012 (Docket Entry 20) the Magistrate Judge pointed out that if there were problems with discovery "The remedy is a telephone conference with the Magistrate Judge about the matter. . ."

In this case Plaintiff's counsel has not followed the telephone conference procedure, but has invoked an actual motion. The requirements concerning discovery motions is set out in Local Rule 37.01. In this case there is no joint statement of the parties and the motion does not follow the procedure set forth in Rule 37.01(b)(2).

The Magistrate Judge further considers that a certification that counsel has written the other side a letter and has not received a response is not a true effort to resolve the issue by agreement.  After the parties have conferred they may contact the Magistrate Judge's office to schedule a telephone conference call about this matter.  Three days prior to the telephone conference the parties will submit a joint statement of what issues remain unresolved.

The Magistrate Judge would note that some of the objections are clearly not well taken, such as Interrogatory 3.  Whether the information is available to the Plaintiff or not, this is information that the Defendant should have readily had at their disposal and the interrogatory should have been answered.

On the other hand some of the Plaintiff's requests, such as "Each and every claim of racial harassment or racial discrimination from January 2005 until the present" while not vague is overly broad.  The response does admit that relevant admissible evidence would include only that information that is applicable to claims of racial discrimination against the same responsible management office for the three-year period prior to the subject nonselection leading to Plaintiff's claim of discrimination, which Plaintiff has yet to identify.  Since the Defendant admits that this would be relevant and admissible, they should have at least provided this amount of information.

The same comments would apply to Interrogatory 8.

Concerning Interrogatory 9, facts and witnesses which support a defendant's defenses or affirmative defenses should be disclosed as part of their Rule 26 disclosures. An answer that something will be provided later is unsatisfactory, particularly without giving a date by which it will be provided.

Interrogatory 21 does appear overly broad and should be limited to information concerning the issues raised in this case, and not any communication the Plaintiff might have had at any time with the Department of Defense.

The Magistrate Judge trusts that the parties will greatly narrow these issues if they need to pursue this matter.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge