UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NANCY WHITAKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:11-CV-0522 |
| ) | Judge Aleta A. Trauger |
| ) | |
| ASHTON B. CARTER, SECRETARY, ) | |
| DEPARTMENT OF DEFENSE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

Pending before the court are two motions. Defendant Ashton B. Carter, United States Secretary of Defense,[1] has filed a Motion *in Limine* (Docket No. 98), to which plaintiff Nancy Whitaker has filed a Response (Docket No. 101). The plaintiff has also filed a Motion *in Limine* (Docket No. 105), to which the defendant has filed a Response (Docket No. 109). The motions will be granted in part and denied in part.

## BACKGROUND

This is an employment discrimination case. Plaintiff Nancy Whitaker ("Whitaker") alleges that the defendant retaliated against her in violation of Title VII of the Civil Rights Act of 1965, 42 U.S.C. 2000(e), *et seq*. Whitaker is a former and current employee of the Department of Defense Education Activity's Domestic Dependent Elementary and Secondary Schools ("DDESS") at Fort Campbell, Kentucky. The facts of this matter were set forth in depth by the

---

[1] Ashton B. Carter became the Secretary of the U.S. Department of Defense on February 17, 2015. Pursuant to Federal Rule of Civil Procedure 25(d), he is, therefore, substituted as the named defendant in this case.

1

court in its decision on summary judgment, familiarity with which is assumed.[2] (Docket No. 97.)

Broadly speaking, Whitaker alleges that she was "non-selected" for a teaching position by the defendant, which action improperly bypassed her veterans disability preference and was in retaliation for filing discrimination complaints with the Equal Employment Opportunity Commission ("EEOC"). Whitaker, an African-American, partially disabled, twenty-year Army veteran, performed required teaching certification coursework at Austin Peay State University in Clarksville, Tennessee, and was first employed by DDESS in several non-permanent positions between 2005 and 2007. Whitaker's performance evaluations during this time were positive. However, at the end of 2007, Whitaker was informed that she would not be offered a permanent position. At that time, Whitaker filed her first EEOC complaint. The EEOC ruled in favor of the defendant, finding no discrimination; Whitaker did not appeal. Whitaker applied for a number of DDESS positions between 2007 and 2009, to no avail. Whitaker then filed a second EEOC complaint. The defendant moved for summary judgment before an EEOC administrative judge and the motion was granted. Whitaker did not apply for any DDESS positions between 2009 and 2010, but she applied for fourteen vacancies between 2010 and 2011. For each of these positions, Whitaker was either found not qualified or was not selected for other reasons. Whitaker then filed her third EEOC Complaint, which ultimately gave rise to the instant lawsuit.[3]

Whitaker originally brought claims against the defendant based upon alleged race

---

[2] This matter was originally assigned to Senior District Judge John T. Nixon. Judge Nixon recused himself on June 18, 2015, and the case was reassigned to the docket of this court. (Docket No. 112.)

[3] After filing her third EEOC complaint, Whitaker continued to submit applications for employment with DDESS and was still not selected for employment. As a result of her ongoing non-selection, Whitaker filed a fourth EEOC complaint. The fourth complaint is not a part of this action.

discrimination, disability discrimination, and retaliation in the nature of being non-selected due to the protected activity of complaining to the EEOC.  On May 19, 2014, the defendant filed his Motion for Summary Judgment in this case.  (Docket No. 50.)  In response, Whitaker withdrew her claims of discrimination based on race and disability, electing to proceed solely on the claim of retaliation for having engaged in protected activity.  (Docket No. 70.)  On October 7, 2014, the court denied the defendant's Motion for Summary Judgment on Whitaker's retaliation claim.  (Docket No. 97.)  However, the court held that Whitaker's claim could only proceed as to one of the fourteen positions for which she was not selected during the 2010 to 2011 time period – specifically, the defendant's non-selection of Whitaker for a part-time teacher position at Lincoln Elementary School, Fort Campbell, Kentucky ("LES Vacancy").  As discussed in more detail in the summary judgment Order, the court found that Whitaker had adduced sufficient evidence to allow the retaliation claim to proceed to trial, including: (1) suspicious timing, (2) positive performance evaluations that contradict the defendant's proffered explanation that Whitaker was not selected due to poor past job performance, and (3) other suspicious occurrences surrounding the veterans preference bypass process (including a government agency lawyer's persistent involvement).  (*Id*.)

## RELEVANT LEGAL STANDARDS

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible."  Fed. R. Evid. 402.  Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid 401.  Federal Rule of Evidence 602 states that "[a] witness may testify

3

to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.

In addition, Federal Rule of Civil Procedure 37(c)(1) provides that, "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless."

## **ANALYSIS**

I.   **The Defendant's Motion *in Limine***

The defendant's Motion *in Limine* is an omnibus motion to exclude a variety of evidence, including specific witnesses regarding Whitaker's past job performance, witnesses regarding Whitaker's job qualifications, a witness concerning other grievances against the defendant, a category of evidence related to a Department of Labor determination regarding the defendant's application of Whitaker's preference bypass, and a group of other non-specific exhibits.

   A.   **Whitaker's Proposed Witnesses Regarding Her Past Job Performance**

The defendant objects to the testimony of several witnesses on Whitaker's witness list who will purportedly testify about her past job performance, particularly in the 2005 to 2007 time period. The gravamen of the defendant's objections is that these witnesses were not involved in the non-selection of Whitaker for the LES Vacancy or in the third EEOC complaint, and thus their testimony would violate Rule 602. The defendant further argues that Whitaker intends to use certain of these witnesses to "re-litigate" the merits of the defendant's prior decisions with respect to Whitaker's employment (*i.e.*, decisions that were ruled non-discriminatory by the EEOC and not appealed by Whitaker at the time) – testimony that the defendant contends would

4

be inappropriate under Rule 602 and also irrelevant to Whitaker's retaliation claim under Rules 401 and 402.

Whitaker responds that the defendant's business judgment regarding her job performance is at the core of the issues to be tried. Whitaker argues that this case is predicated upon the veracity of DDESS's claim that Whitaker was non-selected due to her poor job performance, yet the defendant seeks to prevent Whitaker from introducing certain witnesses who will corroborate that her job performance was good, not poor, and that this was known to the defendant (or employees thereof). In short, Whitaker contends that her proffered job performance witnesses will offer relevant testimony because they will help establish that the defendant's allegations of poor job performance were not the true motivating reason for Whitaker's non-selection.

In its summary judgment opinion, the court expressly acknowledged the defendant's contention that Assistant Superintendent Blease requested to bypass Whitaker because she had struggled with both "conduct and performance" issues when Whitaker taught at a DDESS school between 2006 and 2007. (Docket No. 97 at p. 16.) Blease had purportedly been informed by Anne Metcalfe, an assistant principal, about Whitaker's performance deficiencies as a teacher. (*Id*. at 17.) Whitaker, however, introduced evidence to create a disputed issue of material fact as to this assertion (*e.g*., positive performance reviews, testimony of co-workers, etc.). (*Id*. at pp. 18-20.) Evidence that goes to the question of Whitaker's past performance is relevant and admissible as to causation, because the defendant claims that its business decision was non-retaliatory and based on prior bad performance, and Whitaker claims that that justification has no merit. Moreover, the defendant effectively concedes the relevance of testimony about Whitaker's prior job performance, because the defendant also has several witnesses on its own

5

list who were employed by DDESS during the 2005 to 2007 time period who likely will also testify to Whitaker's past performance (*i.e.*, Haller, Metcalfe). (Docket No. 93, Nos. 7, 17.)

The first two witnesses at issue, Robin Kennedy and Carmen Mai, were Whitaker's mentor between 2006 and 2007 and teacher's aide co-worker in 2005-07, respectively (*i.e.*, during the very time period about which Metcalfe purportedly informed Blease that Whitaker had problems). In its summary judgment opinion, the court expressly acknowledged Ms. Kennedy's testimony as a piece of evidence in Whitaker's arsenal that created an issue of fact as to whether the department's "poor performance" bypass justification was legitimate. (*Id.* at p. 18.) Ms. Kennedy's testimony is relevant and admissible as to Whitaker's past performance. The motion will therefore be denied as to Ms. Kennedy. Ms. Mai's evidence is of similar relevance; indeed, Ms. Mai actually worked *in* Whitaker's classroom and witnessed her job performance firsthand.[4] The motion will therefore be denied as to Ms. Mai as well.

Two other witnesses, Ted Turnipseed and Demetrius Thomas, were in a supervisory role during Whitaker's DDESS employment during 2007. Mr. Turnipseed was principal and Mr. Thomas was the Assistant Principal of the school at which Whitaker worked in 2007. Based on the rationale discussed above, Mr. Turnipseed and Mr. Thomas may offer relevant testimony as to the past performance of Whitaker; the motion will therefore also be denied as to these witnesses.[5]

The defendant also objects to the testimony of witness Verona Pray. Pray was a

---

[4] As Whitaker points out, the defendant has a different teacher's aide on its own witness list from the same period of time as Ms. Mai. (*See* Docket No. 93 at No. 14.)

[5] Notably, Mr. Turnipseed is also on the defendant's own witness list. (Docket No. 93 at No. 23) The defendant did not mention that fact in its Motion *in Limine*. (*See* Docket No. 99 at pp. 10-11.)

substitute teacher during the 2007-08 school year, during which Whitaker was also a substitute teacher. Whitaker has not established to the court's satisfaction, however, that Ms. Pray had either a supervisory role or any opportunity to observe the performance of Whitaker. Ms. Pray does not, therefore, have relevant evidence to offer at trial.[6] Accordingly, the motion will be granted with regard to Ms. Pray.[7]

The testimony of all witnesses as to Whitaker's past job performance is, of course, limited to events within their personal knowledge. Accordingly, it would not be appropriate for such witnesses to be asked to offer an opinion as to whether the defendant "should have" hired Whitaker for the LES Vacancy in 2010-11 (or whether it was "wrong" to non-select her). Likewise, the purpose of these witnesses is not to relitigate whether the defendant was fair to Whitaker when it decided not to permanently hire her after the 2005-07 time period. That decision was found by the EEOC to not involve wrongdoing and is not the subject of this action; opinions as to the defendant's decision in this regard are irrelevant and inappropriate trial testimony.[8]

---

[6] Whitaker suggests that Ms. Pray can also testify to a conversation she had with Mr. Thomas, in which Mr. Thomas purportedly said that Whitaker would be a good candidate for an open position, but that they would have to wait because "a case was filed at her former school and they could not touch her because they were doing an investigation." (Docket No. 101 at pp. 7-8.) However, this statement was made – if at all – in 2008 regarding a teacher vacancy position in that time frame that became one subject of Whitaker's second EEOC complaint. Whitaker's bypass for that position was not the subject of Whitaker's third EEOC complaint and is not the subject of this action; nor is it relevant to the alleged retaliation now at issue.

[7] While the court has ruled that Mr. Thomas will be allowed to testify as to Whitaker's past performance, he (like Ms. Pray) will not be allowed to offer testimony as to this purported but irrelevant conversation.

[8] This admonition addresses the concern set forth by the defendant at Section III of its Motion *in Limine*. (*See* Docket No. 99 at pp. 11-13.)

### B. Proposed Witnesses Regarding Whitaker's Qualifications

The defendant also seeks to exclude witnesses Patty Lesjak-Davis, a Human Resources Specialist for the defendant's Licensure Unit, and "Dr. Gold," the advisor for the Austin Peay State University's education department during the time that the LES Vacancy was being filled. Ms. Lesjak-Davis found Whitaker to be "qualified" for the LES Vacancy for which she was non-selected as a result of the veterans preference bypass. Whitaker contends that both Ms. Lesjack-Davis and Dr. Gold have relevant knowledge about Whitaker's qualifications, teaching credentials and academic performance. The defendant argues that these witnesses should be excluded because the defendant technically found Whitaker to be "qualified," but bypassed her anyway, and that these witnesses would only have relevant testimony if the department had found Whitaker to be "unqualified." The court does not agree. Whitaker has a right to present a full picture of her "past performance" to the jury; this might include her qualifications, coursework, credentialing, student teaching, work experience, performance reviews, and other relevant evidence. Accordingly, evidence from Dr. Gold that Whitaker was properly instructed, credentialed and certified is relevant and admissible. Likewise, evidence from Ms. Lesjack-Davis that she certified and approved Whitaker for referral for the LES Vacancy is relevant and admissible. The motion will therefore be denied as to Dr. Gold and Ms. Lesjack-Davis.[9]

### C. Proposed Witness Faye Hobson

The next witness objected to by the defendant is Faye Hobson. Ms. Hobson is an African-American DDESS teacher who has filed several EEOC discrimination complaints against

---

[9] Notably, Ms. Lesjack-Davis is also on the defendant's own witness list. (Docket No. 93 at No. 13.) The defendant did not mention this in its Motion *in Limine*. (*See* Docket No. 99 at p. 5.)

the defendant for her non-selection for teacher positions at various locations, including Fort Campbell, Kentucky. Whitaker's Rule 26 Initial Disclosures identified Ms. Hobson as a witness who is "aware of discriminatory attitude at Fort Campbell School System." The defendant contends that Ms. Hobson's testimony is irrelevant to Whitaker's remaining retaliation claim, would confuse the jury, and would be highly prejudicial to the defendant. Whitaker asserts that Hobson's testimony is relevant as "me too" evidence – specifically, that it is corroborative of the defendant's refusal to hire highly educated and qualified black females after they engage in protected activity.[10] However, the discrimination claims have been eliminated from this case; introducing discussion of another individual's discrimination complaints has the potential to confuse the jury. In response to the defendant's Motion *in Limine*, Whitaker has not established that Ms. Hobson has any knowledge of events related to Whitaker's remaining retaliation claim; therefore, Ms. Hobson's testimony is not relevant. Moreover, the court agrees that introduction of Ms. Hobson's testimony about her problems with the defendant has the potential to be prejudicial to the defendant. The motion will therefore be granted as to Ms. Hobson.

      **C.    Witness Clyde Hadavra**

The defendant states that it is unaware of any relevant evidence that Mr. Hadavra might have to this case and that Whitaker's Rule 26 Initial Disclosures merely identified him as a "Fort Campbell Assistant Principal." In response, Whitaker states that Mr. Hadavra is "another assistant principal during this time period" and represents that his testimony "would only be offered if he has knowledge of [Whitaker's] job performance." (Docket No. 101 at p. 8.) This

---

[10] Whitaker cites to one case from the Third Circuit that is not of assistance to her argument. Indeed, in that case, the appeals court reversed a trial court that had admitted evidence of similar conduct. *See Becker v. Arco Chem. Co.*, 207 F.3d 176 (3d Cir. 2000).

response does not provide enough information for the court to rule. The court will therefore reserve decision until the pretrial conference; at that time, it will be Whitaker's responsibility to identify what relevant testimony she expects to offer from this witness.

> **D.     Evidence Regarding the Department of Labor's Determination Concerning the Bypass of Whitaker's Veterans Preference**

As discussed *supra*, the issue before the court is whether the defendant was retaliating against Whitaker when it failed to select her for the LES Vacancy. A critical part of that non-selection was the (approved) request by Assistant Superintendent Blease to bypass Whitaker's veterans preference. When the defendant provided Whitaker with evidence of her bypass in April 2011, Whitaker filed a veterans preference bypass complaint with the Department of Labor's Veterans Employment and Training Service ("DOL"). Whitaker alleged that the DOL had failed to properly apply her veterans preference in its processing of the LES Vacancy and that the defendant thus bypassed her without authority in that regard. In June 2011, the DOL advised Whitaker in a letter that it had determined that the evidence did not support her allegations of breach of the rules governing veterans preferences. Whitaker had the right to appeal the DOL's determination to the Merit Systems Protection Board, but she did not do so. In the Motion *in Limine*, the defendant states that "[defendant expects that [the p]laintiff may seek to offer testimony or other evidence challenging [the d]efendant's decision to bypass [the p]laintiff and/or DOL's determination that [the d]efendant's bypass of [the p]laintiff was proper, all in an effort to relitigate the [DOL's] decision/determination. Documentary (sic) and/or testimony provided in an effort to reach a contrary conclusion from this previously fully adjudicated matter that was not appealed to the [Merit Systems Protection Board] should be excluded." (Docket No. 99 at p. 14.) Whitaker responds that evidence concerning whether or not the defendant followed or deviated

10

from its own internal policies is relevant to pretext – *i.e.*, relevant to show that the defendant was deviating from its standard course of action in dealing with the defendant.

Where the issue to be tried is the defendant's reason for not selecting Whitaker, whether the defendant was following its internal policies and procedures is relevant to the defendant's explanations of events. Here, Whitaker claims she was entitled to a veterans preference that would have resulted in referral for the LES Vacancy. The defendant claims it was entitled to bypass Whitaker's preference, based on poor past performance, under its own relevant rules. Just as Whitaker is entitled to challenge whether the defendant's explanation of poor past performance is legitimate, Whitaker is entitled to question the defendant's statement that the bypass itself was legitimate under its own rules and procedures. The defendant has not offered any precedent whatsoever in its Motion *in Limine* for the notion that the DOL determination is binding on this civil case concerning retaliation or that Whitaker's decision not to appeal it to the Merit Systems Protections Board precludes her from attacking the results of the DOL's finding at this trial. The question before the court is relevance, and the subject matter of the propriety of Whitaker's veterans bypass is clearly relevant, given the issue to be tried.[11] Accordingly, the court will allow Whitaker to introduce evidence concerning the relationship of the defendant's bypass of her veterans preference to the defendant's own policies or procedures.[12] The motion therefore will be denied in this regard.

---

[11] The defendant, of course, can certainly rely upon the DOL's substantive decision (and Whitaker's decision not to appeal it) in its own defense.

[12] The court recognizes the defendant's concern about this evidence expanding into a "mini-trial." The court will limit the evidence in the event that it finds it cumulative or confusing to the jury. Moreover, fact witnesses are not competent to offer legal opinions as to whether the DOL's legal conclusions were "correct." Issues related to this evidence can be further addressed at the pretrial conference if necessary.

### E. Other Exhibits

The defendant objects to a variety of other exhibits. First, the defendant states that Whitaker has provided "vague and non-descript" identification of most exhibits and not provided the defendant with a copy of each exhibit on the list, thus making it impossible for the defendant to identify many exhibits. For example, the defendant contends that Whitaker indicates that her exhibits will include "transcripts for undergraduate and graduate course work," but has submitted multiple different transcripts to the defendant. Normally it is the province of counsel to resolve basic issues such as these amongst themselves. The court expects the parties to meet and confer to do so. To that end, Whitaker will provide copies of all proposed exhibits to the defendant within 21 days of entry of this Memorandum and Order, and the parties will attempt to resolve any outstanding issues. All remaining documentary exhibit objections will be submitted in a joint statement to the court at least fourteen days prior to the pretrial conference and will be resolved at that time.

Finally, the defendant objects to Whitaker's introducing "documents and exhibits from [Whitaker's] other three EEO[C] complaints." (Docket No. 99 at p. 15.) In response, Whitaker contends that, while she "will not go into great detail, the history of her protected activity is at the very heart of this matter. . . . [Whitaker] will need to introduce evidence of these matters as background information for this case. [Whitaker] must tell the jury why she is being retaliated against or this case makes no sense." (Docket No. 101 at p. 9.) This is not enough information for the court to rule as to the admissibility of specific proposed exhibits. The parties are directed to discuss these documents among themselves, resolve as many issues as possible, and be prepared to address all remaining objections at the pretrial conference. Any specific documents

12

remaining at issue should be included in the joint statement discussed *supra*.

II.       **Whitaker's Motion *in Limine***

Whitaker's Motion *in Limine* asks the court to exclude five witnesses and several associated affidavits. The defendant, appropriately, assures the court that it does not intend to utilize the subject affidavits at trial, so the court need not deal with the affidavit issue.

A.        **Gordon Harmon**

Whitaker objects to the testimony of Gordon Harmon, a witness described by the defendant as a Supervisory Human Resources Specialist for DDESS. Mr. Harmon was listed on the defendant's Rule 26 Initial Disclosures as an individual having knowledge regarding the hiring process of teachers by the defendant. Mr. Harmon supervised Ms. Rice-McNair and Ms. Lesjack-Davis, the individuals who made the qualification determination regarding Whitaker. Whitaker argues that Mr. Harmon's testimony should be excluded because he had no personal involvement in the actions of Ms. Rice-McNair and Ms. Lesjack-Davis, and so his testimony would amount to nothing more than an opinion as to matters he reviewed after-the-fact. The defendant responds that Mr. Harmon "simply has greater knowledge" than his employees regarding the DDESS hiring process of teachers. However, the defendant does not identify any personal involvement by Mr. Harmon in the events of this case or knowledge of the qualification process relevant to the issues at hand that would not be cumulative of the testimony of Ms. Rice-McNair and Ms. Lesjack-Davis; it appears to the court that Mr. Harmon would merely be reiterating the conclusions of his staff, rather than offering any independent justification therefor. Accordingly, the court finds that the defendant has not offered a sufficient explanation of why Mr. Harmon's testimony is relevant. The motion will therefore be granted as to Mr. Harmon.

### B. Dr. Bruce Jeter

Whitaker objects to the testimony of Dr. Bruce Jeter on the basis that he was not identified in the defendant's Rule 26 Initial Disclosures or discovery responses. The defendant responds that it disclosed Dr. Jeter's identity on its Supplemental Initial Disclosures served on September 9, 2014. (*See* Docket No. 109, Ex. 1.) The defendant further contends that Dr. Jeter's testimony is directly relevant because, as the DDESS director, he approved the bypass of Whitaker for the LES Vacancy at issue in this case. The defendant has provided deposition transcript citations to establish that Whitaker's counsel asked questions of witnesses regarding Dr. Jeter and his involvement in this matter. The court finds that Whitaker has not set forth a basis to exclude Dr. Jeter's relevant testimony. The motion will therefore be denied as to Dr. Jeter.

### C. Walt Coulter, Kelly Hessig-Wagner, and Rhonda Normalin

Whitaker objects to the testimony of Walt Coulter, Kelly Hessig-Wagner, and Rhonda Normalin on the bases that either they were not identified in the defendant's Rule 26 Initial Disclosures or discovery responses, or that they have no knowledge relevant to matters in dispute. The defendant concedes that these witnesses only have relevant information regarding claims that were eliminated from this case by the summary judgment order or to Whitaker's abandoned claims of race and disability discrimination. The motion will therefore be granted as to these witnesses.

## III. Summary

The results of the court's rulings on the pending motions are as follows:

1. Robin Kennedy, Carmen Mai, Ted Turnipseed, Demetrius Thomas, Patty Lesjack-

14

Davis, Dr. Gold, and Dr. Bruce Jeter will be permitted to testify, as discussed and limited herein.

2. Verona Pray, Faye Hobson, and Gordon Harmon will not be permitted to testify.

3. The court reserves decision on proposed witness Clyde Hadavra until the pretrial conference.

4. Whitaker may introduce evidence challenging the basis for her veterans preference bypass, subject to cross-examination with the findings of the Department of Labor.

5. The parties will meet and confer regarding the defendant's miscellaneous exhibit objections and resolve as many issues as possible. The court will address any remaining objections at the pretrial conference. The parties will file a joint statement regarding all outstanding issues no later than fourteen days prior to the pretrial conference.

6. The defendant is withdrawing witnesses Walt Coulter, Kelly Hessig-Wagner, and Rhonda Normalin from its witness list.

The parties are directed to file revised witness lists within fourteen days and to file revised exhibit lists after meeting and conferring to resolve the defendant's outstanding concerns.

## **CONCLUSION**

For the foregoing reasons, (1) the defendant's Motion *in Limine* (Docket No. 98) is **GRANTED IN PART AND DENIED IN PART** and (2) the plaintiff's Motion *in Limine* (Docket No. 105) is **GRANTED IN PART AND DENIED IN PART**.

It is so **ORDERED**.

Enter this 8th day of September 2015.

_____
ALETA A. TRAUGER
United States District Judge